UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John J. Hurry, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>Financial Industry Regulatory Authority, et al.,<br><br>           Defendants. | Case No. CV-14-2490-PHX-ROS<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to the parties' joint stipulated motion, and for good cause shown,

**IT IS ORDERED** the Joint Motion (Doc. 141) is **GRANTED** and the following terms and conditions shall govern the treatment of confidential and proprietary information in this litigation:

**1.     DEFINITIONS:** In connection with discovery in this action, including the production of documents and things, discovery responses, deposition testimony and exhibits, that contain confidential, trade secret or other proprietary information, as those terms are used in Fed. R. Civ. P. 26(c)(1), or any other information the disclosure of which would cause competitive harm, embarrassment, or oppression to the disclosing individual or entity under Fed. R. Civ. P. 26(c) ("Confidential Information"), which a

party or third party deems to contain Confidential Information, may be designated by such party or third party as "CONFIDENTIAL." The term "Designated Materials" used herein refers to any documents, testimony, or information that is designated "CONFIDENTIAL" pursuant to the provisions of this Stipulation and Protective Order.

**2.  DESIGNATION:**

(a)  <u>Production</u>: Any documents, things, discovery responses or depositions or portions thereof designated to be "CONFIDENTIAL" shall be so designated by the producing party or third party at the time of their production by stamping the Designated Materials with the legend "CONFIDENTIAL" or, if necessary, by separate written statement, or as set forth in Paragraph 3 of this Stipulation and Protective Order.

(b)  <u>Depositions</u>: If any question asked during a deposition calls for the disclosure of Confidential Information, counsel for the disclosing party shall designate those portions of the depositions for which such claim is made at the time the testimony is given. The transcript or portions thereof shall be stamped "CONFIDENTIAL." Alternatively, a party may designate any portion of a deposition or other transcript of oral testimony as "CONFIDENTIAL" as set forth in Paragraph 3 of this Stipulation and Protective Order.

(c)  <u>Filing with the Court</u>: Nothing in this order shall be construed as automatically permitting a party to file under seal. Before any party files any document under seal, such party shall seek leave of Court and shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the court on filing an unredacted, sealed version of the same document.

(d) The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing Designated Materials to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating party as having been provided with the document or the information therein by the designating party.

(e) Designated Materials shall be used solely for the purposes of this litigation. However, nothing in this Stipulation and Protective Order is intended to prevent or restrict any party or third party from using or disclosing its own Confidential Information in any manner or for any purpose. This Order also shall not restrict the use or disclosure by a party or third party of materials obtained in good faith and independently of discovery in this action or already in the possession or knowledge of a party or third party, who is not obligated to maintain such documents in confidence.

(f) The terms of this Stipulation and Protective Order shall not prejudice the right of any party to introduce Designated Materials at any pre-trial hearing or at trial. The manner in which Designated Materials may be presented at trial or in any pre-trial hearing will be addressed by the Court in a pre-trial order or at the beginning of or otherwise prior to a pre-trial hearing.

(g) Nothing in this Stipulation and Protective Order shall limit or affect the right of any party to seek additional protections under Fed. R. Civ. P. 26(c)(1) for any document to be produced in this action.

**3. REDESIGNATION OF MATERIALS:** A producing party or third party may redesignate under Paragraphs 1 through 3 hereof any material that it has previously produced, but did not previously designate as "CONFIDENTIAL." The redesignating party or third party shall notify each other party in writing specifically identifying the documents by production number or otherwise. Upon receipt of such written notice, receiving counsel shall:

(a) immediately take reasonable steps to retrieve any redesignated material in the possession of any person not identified as a "Qualified Person" under

1  Paragraph 5 hereof and notify any person known to have possession of the material of the
2  effect of such designation;

3        (b)    if not objecting to the redesignation, affix the appropriate legend on
4  the redesignated material in accordance with Paragraphs 2 and 3 hereof; and

5        (c)    if objecting to the redesignation, counsel shall treat the materials at
6  issue as designated pending resolution of the objection.  Any objections shall be in
7  accordance with Paragraph 4 hereof.

8  If the materials are redesignated in accordance with the terms of this Stipulation
9  and Protective Order, failure to originally designate those materials as
10 "CONFIDENTIAL" shall not be deemed a waiver of any claims of confidentiality.

11 **4.**    **OBJECTIONS:** If a party objects to another party's designation of material
12 as CONFIDENTIAL, the objecting party shall notify the designating party in an attempt
13 to resolve the dispute under LRCiv 7.2(j).  The designating party shall respond in good
14 faith to the objecting party within five (5) business days of receiving notice of the
15 objection.  If the parties are not able to resolve the dispute, the parties shall, within five (5)
16 business days of the response from the designating party, comply with the Court's
17 procedures regarding discovery disputes.  Designations, challenges to designations, and
18 failures to challenge designations made pursuant to this order are not an admission or
19 waiver of any party, and are not admissible in evidence on the trial of any issue in this
20 case, including the issue of whether the information is in fact confidential.

21 **5.**    **QUALIFIED PERSONS:** Designated Materials may be disclosed or made
22 available by the party or third party receiving such materials only to a "Qualified Person,"
23 as defined below:

24       (a)    Documents designated as "CONFIDENTIAL" may be disclosed to:
25           (i)    the Court;
26           (ii)    counsel of record to the parties to this action, and the members
27 and employees of the law firms of counsel of record, and organizations retained by
28 counsel to provide litigation support services in this action and the employees of those

organizations;

    (iii) court reporters or stenographers whose services are used in connection with this action, and other persons working for such reporters or stenographers;

    (iv) directors, officers and employees of each party, and individuals named as parties, that counsel for such parties deem necessary to assist in the prosecution or defense of the lawsuit for that party;

    (v) any deponent during a deposition, provided that the deponent executes the certification set forth as Exhibit A;

    (vi) consultants or experts retained by the parties in connection with this litigation, and the employees of such experts or consultants who are assisting them in this action. **Each consultant or expert must execute the certification set forth as Exhibit A** hereto, and the disclosing party shall deliver to all other parties a copy of the executed certification; and

    (vii) such other persons who the parties may designate by written agreement or by Court Order, permitting additional disclosure.

  (b) All persons, other than Qualified Persons identified in Paragraph 5(a), to whom Designated Materials are to be given, shall be given a copy of this Order and shall agree in writing, in the form attached hereto as **Exhibit A**, to be bound by the terms of this agreement, and the disclosing party shall deliver to all other parties a copy of the executed agreement; and

  (c) This Order shall be binding on the parties, their agents, successors, heirs, assigns, subsidiaries, employees, and other persons or organizations over which they have control.

  **6.** **POST LITIGATION:**

  (a) Within forty-five (45) days of the final termination of this action, each party or counsel in possession, custody or control of Designated Materials shall either destroy or return (at the producing party's option) those materials, upon request

- 5 -

1  from the producing party. However, counsel for each party may retain copies of any
2  documents filed with the Court that incorporate Designated Materials; and
3      (b)   This Court shall retain jurisdiction over the parties and recipients of
4  any Designated Materials for enforcement of the provisions of this Stipulation and
5  Protective Order following termination of this litigation.
6      Dated this 10th day of November, 2016.

Honorable Roslyn O. Silver
Senior United States District Judge

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John J. Hurry, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Financial Industry Regulatory Authority, et al., <br><br> Defendants. | Case No. CV-14-2490-PHX-ROS <br><br> **EXHIBIT A** |

I hereby acknowledge that I understand Designated Materials will be provided to me by counsel, pursuant to the terms and restrictions of the Stipulation and Protective Order entered by the United States District Court for the District of Arizona in the above-captioned case.

I further certify that:

1. My full name and address are _____;
2. My present employer is _____;
3. My present employer's address is _____; and
4. My present occupation and/or job title is _____.

I further certify that I have received a copy of the Stipulation and Protective Order;

1  I have read it; and I understand its terms.  I hereby agree to fully comply with the
2  Stipulation and Protective Order, and all of its terms and restrictions shall apply to me.  I
3  further agree to subject myself to the jurisdiction of the Court for the purposes of
4  enforcing the terms and restrictions of the Order.  I understand that Designated Materials,
5  as defined in the Stipulation and Protective Order, including any notes or other records
6  that may be made regarding any such materials, shall not be disclosed to anyone except as
7  expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except
8  solely for the purposes of this case, any Designated Materials obtained pursuant to this
9  Stipulation and Protective Order, except as provided therein or otherwise ordered by the
10 Court.
11      Upon the termination of this action, or sooner if so requested, I must return to
12 counsel all Designated Materials in my possession, control, or custody, including all
13 copies and excerpts thereof.
14      I understand that violation of the Stipulation and Protective Order may be
15 punishable by contempt of Court. I declare under penalty of perjury, under the laws of the
16 State of Arizona, that the foregoing is true and correct.
17      EXECUTED this ____ day of _____, 2016.

_____
(Signature)

_____
(Print Name)