Joseph G. Adams (#018210)
Carlie Tovrea (#029709)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: jgadams@swlaw.com
    ctovrea@swlaw.com

Charles J. Harder (admitted *pro hac vice*)
Ryan J. Stonerock (admitted *pro hac vice*)
Dilan A. Esper (admitted *pro hac vice*)
Jordan Susman (admitted *pro hac vice*)
HARDER MIRELL & ABRAMS L.L.P.
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90067
Telephone: (424) 203-1600
E-mail: RStonerock@hmafirm.com
    DEsper@hmafirm.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John J. Hurry and Justine Hurry, as husband and wife, Investment Services Corporation, an Arizona corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Financial Industry Regulatory Authority, Inc., a Delaware corporation,<br><br>Defendant. | Case No. 14-cv-02490-PHX-ROS<br><br>**JOINT STATEMENT OF DISCOVERY DISPUTE** |

Pursuant to the Court's Rule 16 Scheduling Order dated November 8, 2016 [Doc. 140], the parties jointly submit this statement regarding a discovery dispute that has arisen. The parties certify that they have consulted and made a sincere effort to resolve the matter, but they have been unable to reach a resolution.

**Plaintiffs' Statement:** Plaintiffs raise this issue concerning the deposition testimony of former FINRA lawyer Scott Anderson. At his deposition, FINRA's counsel instructed Mr. Anderson not to answer a variety of questions, including questions regarding his departure from FINRA, the investigation he conducted for FINRA regarding plaintiff John Hurry, and leaks to third parties about the investigation. FINRA maintained that the instruction was based on two things: (1) the "investigatory privilege" that somehow bars discovery of this information, and (2) the Court's July 25, 2016 order [Doc. 105] regarding the limits of requests for production of documents and permissible topics for a Rule 30(b)(6) deposition. Neither of these things supports an instruction not to answer questions. The investigatory privilege does not apply because FINRA is a private company, not a government agency. And nothing in the Court's July 2016 order allows for instructions not to answer questions about broad topics. Plaintiffs respectfully request that the Court order FINRA to produce Mr. Anderson for a second deposition in Phoenix so that he may answer the questions he refused to answer previously.

**Defendants' Statement:** Andersen answered all discoverable questions about his departure from FINRA and leaks: he responded that he resigned to start his own law practice; his reasons for leaving FINRA had nothing "to do with even any accusation or intimation that [he] had participated in unauthorized communications with the press"; and he does not believe he has spoken with Meagher or any reporter from the Deal, or been accused of leaking information to the Deal. His declaration establishes that he does not recall having conversations with the SEC about leaks. Plaintiffs' question about whether Andersen thought he would be fired if he did not resign is not discoverable per this Court's July 25, 2016 order. Rule 30(c)(2) permits instructions not to answer to enforce a limitation of the Court. Whether Andersen, a FINRA deputy chief counsel, "formed an opinion about whether Mr. Hurry has violated any of FINRA's regulations," and other similar questions, are plainly subject to the investigatory privilege, which extends to SRO's like FINRA. Finally, this discovery motion is untimely because discovery closed, with few exceptions discussed on the record and not applicable here, on March 1.

- 2 -

DATED this 7th day of April, 2017.

SNELL & WILMER L.L.P.

s/ Joseph G. Adams
Joseph G. Adams
Carlie Tovrea
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Charles J. Harder
Ryan J. Stonerock
Dilan A. Esper
Jordan Susman
HARDER MIRELL & ABRAMS LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212

Attorneys for Plaintiffs


SQUIRE PATTON BOGGS (US) LLP

s/ Gregory A. Davis *with permission*
George Brandon
Gregory A. Davis
Gregory S. Schneider
One East Washington Street,
Suite 2700
Phoenix, Arizona 85004

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2017, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: s/ Mandy Garsha