# EXHIBIT 14



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

March 28, 2017

*Via Electronic Mail*

Jordan Susman, Esq.
Hardner Mirell & Abrams LLP
132 S. Rodeo Dr., 4th Fl.
Beverly Hills, CA 90212

      Re:    Subpoena issued in re: *John Hurry et al. v. Financial Industry Regulatory Authority, Inc.,* No. 14-cv-02490-PHX-ROS (D. Ariz.)

Dear Mr. Susman:

      We have received your March 9, 2017 letter responding to our request for additional information concerning your subpoena seeking a deposition from a person the Securities and Exchange Commission ("Commission" or "SEC") designates to testify on its behalf and documents related to communications with William Meagher, a reporter.[1] The Commission is not a party to this private civil litigation.

      In your response, you assert that "the deposition of the SEC seeks to establish that the SEC was not the source of any leaks to Mr. Meagher, which would buttress Plaintiff's argument that the source had to be from within FINRA." You also explain that providing testimony would not vitiate any privileges because your focus would be on whether the SEC or FINRA leaked any information to Mr. Meagher and not on any investigation that may relate to Mr. Hurry.

      Authorizing the testimony you request is contrary to the public interest—and not required by Rule 45 of the Federal Rules of Civil Procedure—because any testimony regarding the source of any leak would be protected by the law enforcement privilege. The law enforcement privilege is designed "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Hemstreet v. Duncan*, 2007 WL 4287602, at *2 (D. Oregon 2007) (quoting *In re Dep't of Investigation of City of New York,* 856 F.2d 481, 484 (2d Cir. 1988)). That privilege applies here because the SEC's Office of Inspector General ("OIG") has an ongoing investigation relating to whether Mr. Meagher received non-public information from the SEC. Disclosure of information about what the OIG has found or determined could interfere with the OIG's ongoing investigation by revealing what information the OIG does and does not have

---

[1] In a letter dated February 28, 2017, pursuant to applicable agency regulations, Senior Counsel Carin Cozza requested that you provide additional information to clarify the intended scope of testimony you seek and its anticipated relevance to your litigation.

before it finishes gathering information. If that information is revealed, persons from whom the OIG gathers information could be less forthcoming or provide misleading information.

The documents you seek are also protected by the law enforcement privilege to the extent they would be obtained from the OIG. We have, however, searched for responsive documents in the SEC's Division of Enforcement, including a search of the SEC's email database. We did not locate any documents responsive to items 1 through 4 and 6 in your document request. With respect to items 5 and 7, we have identified six emails that contain brief speculations about the source of Meagher's information that may be responsive. All six documents are protected by the work product doctrine, and three are also protected by the deliberative process privilege. Thus, we also object to providing these documents in response to the Subpoena.

Although the law enforcement and deliberative process privileges and the work product doctrine are qualified privileges that can be overcome if a litigant's need for the privileged information is greater than the public interest in nondisclosure, *Hemstreet*, 2007 WL 4287602, at *2, you have not shown any such need here. Indeed, because the OIG investigation is not complete, the SEC is not in a position to provide a witness to testify that the SEC was not the source of any leak that may have occurred.

Thus, in accordance with Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, which states that courts are required to quash or modify subpoenas that seek privileged matter, we are not authorizing any testimony or document production pursuant to your subpoena.

You may appeal this decision to the Commission pursuant to the procedures set for in 17 C.F.R. 201.430(b). *See In re SEC ex rel. Glotzer*, 374 F.3d 184, 192 (2d Cir. 2004). If you have any questions, please contact Carin Cozza at 202-551-7958.

> For the Comission pursuant
> to delegated authority,
>
> [signature]
>
> Richard M. Humes
> Associate General Counsel

# EXHIBIT 15

| Case | FINRA |
|---|---|
| Issue Code | MSJ EXHIBIT |

| CONDON, NANCY 2/22/17 VOL 1 | | |
|---|---|---|
| 1 | 112:08 - 112:18 | 112:08    Q.   Do you -- just as a general matter, do<br>09  you have any regular communications or contacts at<br>10  the SEC whom you speak to?<br>11       A.   No.<br>12       Q.   So if you had received a call or an<br>13  e-mail from the SEC accusing FINRA of leaking this<br>14  information, you would remember it, wouldn't you?<br>15       A.   I have never --<br>16            MR. DAVIS:  Object to form.<br>17            THE WITNESS:  I have never<br>18  received such an e-mail or a call. |

# EXHIBIT 16

| Case | FINRA |
|---|---|
| Issue Code | MSJ EXHIBIT |

| COOK, CHRISTOPHER 2/23/17 VOL 1 | | |
|---|---|---|
| 1 | 051:15 - 052:01 | 051:15    Q.    Did you ever request that the SEC provide<br>16  you with any information from their internal<br>17  investigations regarding a leak?<br>18       A.   I believe at the on-site meeting they said<br>19  if they found something, they might share it with us.<br>20  But that's a hazy recollection.<br>21       Q.   And then they never shared anything with<br>22  you that they found?<br>052:01       A.   Correct. |

# EXHIBIT 17

| Case | FINRA |
|---|---|
| Issue Code | MSJ EXHIBIT |

| FOSTER, CINDY 2/23/17 VOL 1 | | |
|---|---|---|
| 1 | 061:18 - 061:21 | 061:18      Q.   Okay.  Did you ever receive any report<br>     19   from the SEC stating any conclusions regarding an<br>     20   investigation of leaks?<br>     21      A.   No. |