UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| John J. Hurry and Justine | ) | |
| Hurry, as husband and wife; | ) | |
| Investment Services | ) | |
| Corporation, an Arizona | ) | |
| corporation, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CV-14-2490-PHX-ROS |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | March 16, 2017 |
| Financial Industry Regulatory | ) | 1:36 p.m. |
| Authority, Inc., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  THE HONORABLE ROSLYN O. SILVER, JUDGE


REPORTER'S TRANSCRIPT OF PROCEEDINGS

STATUS CONFERENCE


Official Court Reporter:
Linda Schroeder, RDR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 32
Phoenix, Arizona  85003-2151
(602) 322-7249

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1                    A P P E A R A N C E S

 2   For the Plaintiffs:

 3            Snell & Wilmer
              By: JOSEPH G. ADAMS, ESQ.
 4            400 East Van Buren
              Phoenix, AZ  85004
 5
              Harder LLP
 6            By: JORDAN SUSMAN, ESQ.
              132 South Rodeo Drive, 4th Floor
 7            Beverly Hills, CA  90212

 8   For the Defendant:

 9            Squire Patton Boggs
              By: GREGORY ALAN DAVIS, ESQ.
10                GREGORY SUMNER SCHNEIDER, ESQ.
              1 East Washington, Suite 2700
11            Phoenix, AZ  85004

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

1      THE CLERK:  Civil case 14-2490, Hurry, et al., versus

2 Financial Industry Regulatory Authority, Incorporated, et al.,

3 on for status conference.  Counsel, please state your

4 appearances for the record.

5      MR. ADAMS:  Good afternoon, Your Honor.  Joe Adams and

6 Jordan Susman for the plaintiffs.

7      THE COURT:  Thank you.

8      MR. DAVIS:  Good afternoon, Your Honor.  Gregory Davis

9 and Gregory Schneider for FINRA.

10      THE COURT:  All right.  Thank you.  Counsel, let me

11 just say, as I always say at these hearings, I thank you for

12 your joint status report, but, Mr. Davis and Mr. Schneider, do

13 not file a motion for summary judgment unless you have no doubt

14 that I'm going to grant it, that there are no genuine issues of

15 material fact, and it is to be resolved as a matter of law.

16      I understand what your position has been from the

17 beginning, but now we've had quite a bit of discovery.

18      So if you do so, I should tell you -- and I deny

19 summary judgment, I'll turn into a bear, and it's not a Teddy

20 bear, so I won't be happy.

21      You know this case better than I do.  So I'm not going

22 to order you not to file a summary judgment.  And, you know,

23 it's been well litigated.  I am not criticizing you in any way.

24      But it's just a waste of everybody's time and money.

25 And, you know, my time is better spent going to trial if in

1    fact there are issues of fact.

2           So I tell you that.  And now I'm going to turn to

3    plaintiffs' counsel and ask them why there are issues of fact.

4           And I see at the outset in your position -- Is it

5    Mr. Adams?  Are you speaking on behalf of your client or

6    Mr. Susman?

7           MR. ADAMS:  Thank you, Your Honor.  Yes.

8           THE COURT:  Okay.  And you may be seated unless you

9    prefer to stand.

10          MR. ADAMS:  Fine either way.

11          THE COURT:  All right.  You state that there's

12   extensive indirect and circumstantial evidence.  Have you

13   looked at all that evidence that you would offer, and can you

14   say that I'm going to admit that evidence because it is

15   admissible under the rules of evidence?

16          MR. ADAMS:  Your Honor, I will confess as local

17   counsel I have not looked at every item of evidence.  The

18   evidence I have looked at is admissible.  It's in the form of

19   deposition testimony and documentary evidence.  So we have not

20   seen any evidence, any indication that the evidence we would

21   put in front of you on summary judgment briefing would not be

22   admissible.  And of course as we're briefing it, we would again

23   look to ensure that all evidence put in front of you is

24   admissible.  But, yes, what I've seen it is.

25          THE COURT:  Well, you have mentioned the word "as we

1   brief it."  The reason for this hearing is for us to discuss

2   whether or not you can support your position that there's a

3   genuine issue of material fact.

4           This is a little different, and it has been different

5   from the beginning, because, as you well know, Mr. Adams and

6   Mr. Susman, I had some concern about whether or not this case

7   should go forward in the beginning because it seemed to be,

8   based on what the defense counsel says, is supposition.  So now

9   indirect evidence and circumstantial evidence goes to the jury,

10  but it has to be admissible.

11          So I'm looking at item number one, representatives

12  from FINRA's ombudsman's office which was charged with

13  investigating complaints regarding leaks to Mr. Meagher

14  concluded -- Is that in a deposition?

15          MR. ADAMS:  Yes, it is, Your Honor.

16          THE COURT:  So then whoever it was said that there was

17  information from Mr. Meagher's stories that was so sensitive

18  and internal to FINRA's investigation of the plaintiff that it

19  could only have come from FINRA, and I'm going -- Is that the

20  direct quote, and you are then going to ask me to allow whoever

21  this individual is to give that opinion?

22          MR. ADAMS:  Your Honor, I don't believe it's a direct

23  quote.  But my understanding of the testimony is that that

24  person identified -- that the source of the information was

25  either FINRA or the SEC and that, as we set forth in our

1     statement, the SEC internally concluded that it wasn't them,

2     leaving only FINRA.

3                  THE COURT:  So who's going to testify from the SEC to

4     say that it wasn't them?

5                  Mr. Susman, go ahead.  Help your friend out.

6                  MR. SUSMAN:  Thank you.

7                  THE COURT:  Please be seated unless you would like to

8     stand, because I have to hear you also.

9                  MR. SUSMAN:  Okay.  I'll sit.  Thank you.  We served a

10    subpoena on the SEC for testimony and documents related to

11    this.  They objected, did not appear at their deposition.  We

12    are currently still meeting and conferring with them to

13    schedule that deposition, so we're not sure exactly who that

14    would be.

15                 THE COURT:  I'm sorry.  So discovery hasn't closed

16    yet?

17                 MR. SUSMAN:  There are still some discovery issues out

18    there.

19                 THE COURT:  Is that -- Am I correct that the date on

20    the Rule 16 order hasn't passed?

21                 MR. SUSMAN:  The date has passed.  However, there were

22    certain objections --

23                 THE COURT:  Okay.  Did you bring that to my attention

24    so that I extend a date?  Did I do that is all I'm asking.

25                 MR. SUSMAN:  You did not, Your Honor.

1          THE COURT:  Okay.  So then what are we talking about?

2    Are you asking me to allow the deposition after the close of

3    discovery?

4          MR. SUSMAN:  We would, Your Honor, yes.

5          THE COURT:  All right.  So is that what we're here

6    for?

7          MR. SUSMAN:  That is not why we're here.

8          THE COURT:  We have discovery as yet.  So why am I

9    holding this hearing?

10         This hearing is for the purpose of determining whether

11   or not there are genuine issues of material fact.  And if the

12   discovery hasn't closed and you've made these references here

13   that relate to the very issue, okay, this issue is critical.

14         Now, I spent a lot of time looking at this, as you

15   would expect I would and hope that I would, going line by line,

16   word for word.  And I have given you more than the benefit of

17   the doubt, because it's very difficult in a factually dense

18   case like this for the defense to file a motion for summary

19   judgment.

20         So they usually have to explain to me why a summary

21   judgment is not appropriate.  But because this case has been a

22   very close one from the beginning in terms of the allegations

23   for the plaintiff, I have looked to plaintiff to give me

24   reasons to establish this needs to go to trial.  But we're not

25   even ready for that.

1          So what I'm going to do is this:  I'm going to

2    continue this matter until discovery is completed.  And counsel

3    are going to submit to me a stipulation for the extension of

4    the discovery date.  And likely I will grant it as long as it's

5    stipulated.

6          And then we will set off the date for close of

7    discovery and for close of -- or the date for filing

8    dispositive motions, and we will then hold this hearing.

9          And so you now know, I want to know about admissible

10   evidence.  Okay.  You're both very experienced attorneys, and

11   you know what that means.  We're talking about the rules of

12   evidence.

13         Let me ask you this too.  Are there any proposed

14   experts for the plaintiffs?

15         MR. SUSMAN:  There are, Your Honor.

16         THE COURT:  Okay.  So --

17         MR. SUSMAN:  Who have been designated, correct.

18         THE COURT:  Is -- Are there issues about whether or

19   not their opinions are admissible?

20         MR. SUSMAN:  Not that I'm aware of, Your Honor.

21         THE COURT:  And who are those proposed experts?

22         MR. SUSMAN:  There's an expert, who used to work at

23   FINRA, talking about FINRA's best practices with regards to

24   leaking information regarding an ongoing investigation, and

25   there's an expert regarding plaintiffs' damages.

1          THE COURT:  Okay.  So that you've already shared with

2     FINRA?

3          MR. SUSMAN:  Correct.

4          THE COURT:  And is it your view that those experts are

5     admissible or not?

6          MR. DAVIS:  No, Your Honor.  There's no -- I mean, the

7     expert that they've identified regarding FINRA best practices,

8     a former employee, that testimony isn't helpful to Your Honor

9     or to the jury.  Essentially the expert says if FINRA did not

10    conduct an investigation, that would have been a bad thing.

11    It's supposition.  And it has nothing to do with the facts of

12    this case.

13          As it relates to their damages expert, I don't think

14    we take issue with the qualifications of Mr. Cook, but

15    certainly plaintiffs have, through Mr. Cook, attempted to

16    revive the issue of the Wilson-Davis merger, which Your Honor

17    has already ruled on in FINRA's opinion.  So we would suggest

18    that his opinion, if it were admitted, should be limited to the

19    issues of the damages that Mr. Hurry purportedly suffered as a

20    result of the defamatory conduct, not damages relating to

21    regulatory action taken by FINRA for which FINRA is immune.

22          THE COURT:  So you've heard that before, the two of

23    you?

24          MR. SUSMAN:  This would be the first time I'm hearing

25    it, Your Honor.

UNITED STATES DISTRICT COURT

1          THE COURT:  Okay.  So let me make clear what we're
2     going to do from here.  You're going to submit something to me
3     that I will consider for continuing discovery, stipulating the
4     date, and then also to amend the Rule 16 order to put off then
5     the filing of the dispositive motion.
6          But most important, it's all important, but equally as
7     important you are to confer like we're talking about today.
8     And so I don't think, Mr. Adams and Mr. Susman, that you think
9     a motion for summary judgment will be filed by your client or
10     on your client's behalf.  Right?
11          MR. SUSMAN:  That is correct, Your Honor.
12          THE COURT:  So then, Mr. Davis and Mr. Schneider, in
13     your conversations with Mr. Adams and Mr. Susman, you are to
14     tell them why you believe a motion for summary judgment is
15     appropriate.
16          Now, you all know the facts better than I do.  You're
17     all experienced, qualified attorneys.  You know what the
18     admissibility of evidence means.  If it's any opinion testimony
19     and it is expert opinion testimony, the person has to be
20     qualified, and the testimony has to be reliable.
21          And if it's lay witness testimony, then you have to
22     explain why that's reliable too.
23          If it's fact testimony, it cannot be hearsay.  It has
24     to be relevant.  It has to be admissible.
25          So all of you have learned that a long time ago, and

1   you know the evidence in this case.  So that conference should

2   take place face to face.  Don't do it over the phone.

3              So schedule a meeting, and, Mr. Davis and

4   Mr. Schneider, explain to them:  This is the basis of our

5   motion for summary judgment.  We don't think this evidence is

6   admissible for the following reasons.

7              And even if it is, then the -- it's like a Rule 50

8   motion.  You've given me everything you've got, and you can't

9   get to the jury because -- And it is preponderance, isn't it?

10  Isn't that the standard?  It seems to me, Mr. Susman, that's

11  what --

12             MR. SUSMAN:  Correct, Your Honor.

13             THE COURT:  And Mr. Adams?

14             MR. ADAMS:  Yes.

15             THE COURT:  Then you can't get to the jury because

16  it's not more likely than not.

17             All right.  So you know what to do.  And let me just

18  ask you right now how much more time, Mr. Susman and Mr. Adams,

19  do you think you'll need for discovery?

20             MR. SUSMAN:  Well, I spoke to a representative of the

21  SEC today.  They said that they were looking to next week to

22  hopefully comply with the subpoena.  There's another

23  outstanding issue regarding the author of the stories who a

24  subpoena was served upon who objected on the --

25             THE COURT:  The author -- It wasn't Mr. Meagher?

UNITED STATES DISTRICT COURT

1    MR. SUSMAN:  Mr. Meagher, correct.

2    THE COURT:  Oh, okay.

3    MR. SUSMAN:  We subpoenaed him for deposition

4  testimony for the last day of discovery after everyone else had

5  been deposed, and he filed a motion to quash, which is

6  currently pending in the Northern District of California, the

7  hearing on which is --

8    THE COURT:  Is that because he's there?

9    MR. SUSMAN:  Correct.

10    THE COURT:  So there's a judge there who's going to

11  make the decision.  And that's based upon what?

12    MR. SUSMAN:  The Press Shield Laws.

13    THE COURT:  That's what I thought.  Okay.  So you're

14  aware of that?

15    MR. DAVIS:  Yes, we are, Your Honor.

16    THE COURT:  All right.  So we have some things to

17  resolve.  So when did the discovery date lapse?

18    MR. SUSMAN:  March 1.

19    THE COURT:  You're forgiven.

20    MR. SUSMAN:  Thank you, Your Honor.

21    THE COURT:  So let's, the end of April, complete the

22  discovery.  That's April 28th.  And then the motion for summary

23  judgment will be -- I'll just resolve this right now.  Summary

24  judgment due on May 26th.

25    And, Kathy, we'll need a date for this interim

1    conference.

2         MR. DAVIS:  Your Honor, may I be heard please

3    regarding the scheduling?

4         Mr. Brandon, the partner in charge of this case, and

5    myself, who has been leading the case for FINRA, we will both

6    be in Spain for two weeks in the middle of May, May 8th

7    until -- I can check my calendar, but I believe I come back the

8    24th, which would make it challenging to comply with a May 26th

9    motion for summary judgment deadline if discovery closes on the

10   28th of April.

11        THE COURT:  I hope you're going there for fun.

12        MR. DAVIS:  I am, Your Honor.  My wife hopes so.

13        THE COURT:  All right.  So then we will make it June

14   9th.  In between the 28th and June 9th, we will have an interim

15   conference, and you are to do what I ordered and the usual, and

16   Kathy's going to tell us a date, and it has to be after May

17   26th, Kathy.

18        THE CLERK:  We could set that for Friday, June 2nd, at

19   10:00 a.m.

20        THE COURT:  And then we'll make it two weeks prior --

21   Well, let's see.

22        You're going to already to know this, so I'm going to

23   set the 26th for the date for filing your interim status

24   conference.  And by now and the 2nd or before the 2nd -- we set

25   it for the 2nd -- before filing your statement on the 26th,

1    counsel are to confer as I've ordered here today.  And if you

2    disagree, two things you are to tell me.

3         Number one, is the case going to settle?  If it

4    settles, then I vacate the hearing.

5         If it's not and FINRA wants to file motions for

6    summary judgment, you need to set forth, as you have here, and,

7    Mr. Adams and Mr. Susman, why all the evidence is admissible,

8    why it goes to the jury.  So I presume from what you're saying

9    it's really a credibility issue more than anything else.

10        But there may be some questions about whether the

11   evidence is admissible.  So discussion.  I'm not going to set

12   that, but, you know, other than to order you to do that, before

13   May 26th, which is the date for filing your notice.

14        Okay.  All right.  Is that clear, Mr. Adams and

15   Mr. Susman?

16        MR. ADAMS:  Yes, Your Honor.

17        THE COURT:  And how about Mr. Davis and Mr. Schneider?

18   Clear?

19        MR. DAVIS:  Just one question, Your Honor, regarding

20   the discovery to take place during this extended period of

21   time.  My understanding is it would only be the deposition of

22   the SEC representative and of Mr. Meagher, the reporter.

23        THE COURT:  Is that correct?

24        MR. DAVIS:  If he appears.

25        MR. ADAMS:  I think there is one other issue, Your

UNITED STATES DISTRICT COURT

1    Honor, involving a privilege log.  I know that we have been

2    working with Mr. Davis's firm to get a revised privilege log

3    for some of the documents that have been produced, and I think

4    that process is ongoing.

5            MR. DAVIS:  I'm aware of it, Your Honor, and we also

6    have some questions regarding some e-mails, but I guess my

7    question was directed specifically at the depositions to be

8    taken, discovery to be propounded.

9            THE COURT:  Correct?

10           MR. SUSMAN:  That is correct.  We will not be

11   propounding additional discovery.

12           THE COURT:  And you?

13           MR. DAVIS:  That's correct, Your Honor.  Thank you.

14           THE COURT:  Thank you.  We are adjourned.

15       (Proceedings recessed at 1:55 p.m.)

16

17

18

19

20

21

22

23

24

25

1        **C E R T I F I C A T E**

2

3    I, LINDA SCHROEDER, do hereby certify that I am duly

4 appointed and qualified to act as Official Court Reporter for

5 the United States District Court for the District of Arizona.

6    I FURTHER CERTIFY that the foregoing pages constitute

7 a full, true, and accurate transcript of all of that portion of

8 the proceedings contained herein, had in the above-entitled

9 cause on the date specified therein, and that said transcript

10 was prepared under my direction and control.

11    DATED at Phoenix, Arizona, this 17th day of June,

12 2018.

13

14

15            s/Linda Schroeder

16           Linda Schroeder, RDR, CRR

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**